**Joan Evans WILBURN, Plaintiff-Appellant,**

v.

**PEPSI–COLA BOTTLING COMPANY OF ST. LOUIS, Defendant-Appellee.**

**No. 73–1744.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 14, 1974.

Decided March 11, 1974.

Roger L. Scherck, St. Louis, Mo., for plaintiff-appellant.

David O. Danis, St. Louis, Mo., for defendant-appellee.

Before HEANEY and BRIGHT, Circuit Judges, and DENNEY, District Judge.*

PER CURIAM.

Plaintiff-Joan Evans Wilburn brought this diversity action in the United States District Court for the Eastern District of Missouri, alleging that she sustained personal injuries in an accident in Belleville, Illinois, as a result of the negligence of the Pepsi-Cola Bottling Company of St. Louis, Missouri. Plaintiff filed her suit on July 6, 1973, more than two years after the date of the accident, May 18, 1971, and defendant moved to dismiss on the ground that the

action was barred by the Illinois two-year statute of limitations [1] which applies to this cause of action under the Missouri borrowing statute.[2] Relying solely upon the above facts recited in the pleadings, the trial court granted the motion for dismissal, and held that the action was barred by the Illinois statute of limitations.

Thereafter plaintiff-Wilburn in a motion entitled "Motion for Amendment of Judgment" sought relief from the summary dismissal of the action through an amendment of the judgment and she requested leave to amend the complaint. The district court denied any relief, and Ms. Wilburn brings this appeal. For reasons stated below, we reverse and remand the action for further proceedings.

■ Although the inclusion of dates in the complaint showing the action to be untimely renders the complaint subject to dismissal upon motion, see Kincheloe v. Farmer, 214 F.2d 604 (7th Cir. 1954), cert. denied, 348 U.S. 920, 75 S. Ct. 306, 99 L.Ed. 721 (1955); see generally 5 Wright and Miller, Federal Practice and Procedure §§ 1226, 1357 (1969), as we have already mentioned, plaintiff sought relief from the court's ruling by submitting a proposed amended complaint. The proposed amended complaint alleged that because of statements and conduct of defendant's agents in conducting settlement negotiations, "plaintiff and plaintiff's attorney [were led] down the primrose path until the statute of limitations had run." This amended complaint, fairly construed, may be taken to allege affirmatively that defendant is precluded by waiver or estoppel from asserting a statute of limitations defense. As such, under Illinois law, which both parties agree applies to the statute of limitations defense, a de-

---

\* ROBERT V. DENNEY, District Judge, District of Nebraska, sitting by designation.

1. Ill.Rev.Stats., Ch. 83, § 15 (1966), states in part that "[a]ctions for damages for an injury to the person * * * shall be commenced within two years next after the cause of action accrued."

2. V.A.M.S. § 516.190 (Supp.1973), reads:
 Whenever a cause of action has been fully barred by the laws of the state, territory or country in which it originated, said bar shall be a complete defense to any action thereon, brought in any of the courts of this state.

fendant may be estopped from asserting a statute of limitations defense in a negligence action by reason of misleading conduct by agents of the defendant during settlement negotiations. Burgo v. Illinois Farmers Insurance Co., 8 Ill. App.3d 259, 290 N.E.2d 371 (1972).

Fed.R.Civ.P. 15(a), provides as to amending pleadings "by leave of court" that "leave shall be freely given when justice so requires." The provisions of Rule 15(a) are invoked by a proper motion under either Rule 59(e), motion to alter or amend a judgment, or Rule 60(b), motion to relieve a party from a final judgment or order for mistake, inadvertence, surprise or excusable neglect and for other reasons, accompanied by a proposed amended complaint. Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L. Ed.2d 222 (1962); see 3 Moore's Federal Practice ¶ 15.10 (1972); 6 Wright and Miller, Federal Practice and Procedure § 1489 (1971). Although appellant's motion for relief under Rule 59 sought "new findings and conclusions and * * * a new judgment," as though the case had been tried on the merits, the motion together with the prayer that the complaint be amended should be construed broadly as a motion to vacate the judgment in order to permit the filing of the amended complaint.

In commenting on the application of these rules in somewhat analogous circumstances, the Supreme Court in Foman v. Davis, *supra,* stated:

> Rule 15(a) declares that leave to amend "shall be freely given when justice so requires" this mandate is to be heeded. See generally, 3 Moore, Federal Practice (2d ed. 1948), ¶¶ 15.-08, 15.10. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the oppos-

ing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules. [371 U.S. at 182, 83 S.Ct. at 230.]

The Court thus held that the district court as well as the court of appeals erred in denying the motion of the plaintiff to vacate a judgment and file an amended complaint stating an alternative theory for recovery in a civil action. *See also* United Steelworkers of America v. Mesker Brothers Industries, Inc., 457 F.2d 91, 93 (8th Cir. 1972).

■ The proposed amended pleading which was verified, the exhibits attached to the complaint, and the affidavits filed in support of the motion to amend the judgment and to amend pleadings raised a good faith contention by appellant-Wilburn that defendant should be estopped to assert a statute of limitations defense. She claims that defendant's insurance company acting on behalf of defendant by its actions, statements, and conduct, recognized the validity of plaintiff's claim and led her attorney to believe that it would voluntarily settle without the necessity of filing suit. Appellee filed affidavits controverting the claims and statements attached to plaintiff's motion. The district court in denying appellant's motion under Rule 59 and to amend the complaint, gave no reasons for its action. While the substantive issue of the adequacy of the defense of estoppel is not before us on this appeal and we intimate no decision on the merits, we believe that in light of the Supreme Court's holding in *Foman, supra,* and the provisions of Fed.R.Civ.P. 15(a), the district court was required, under the showing made by plaintiff, to set aside

the judgment and permit the filing of an amended complaint.

We reverse and remand this case for further proceedings consistent with this opinion.

Reversed and remanded.