**JAFFE AND ASHER, Plaintiff,**

v.

**Terrance VAN BRUNT, Defendant.**

No. 93 Civ. 0518 (SS).

United States District Court,
S.D. New York.

Aug. 10, 1994.

---

### OPINION AND ORDER

SOTOMAYOR, District Judge.

Defendant Terrance Van Brunt, pursuant to Fed.R.Civ.P. 60(b), seeks to vacate a default judgment entered against him on May 18, 1993, in the amount of $75,247.89. Van Brunt contends that the default judgment is void because plaintiff Jaffe and Asher ("J & A") failed to properly serve him with its summons and complaint. Because I find that J & A properly effected service at Van Brunt's usual place of abode, the motion is DENIED.

### FACTUAL BACKGROUND

J & A, a law firm, represented Van Brunt in a civil suit against the artist Robert Rauchenberg. A fee dispute arose, and J & A commenced the instant action against Van Brunt in or about January 1993. On February 8, 1993, a licensed process server, Joseph Farrell, delivered J & A's summons and complaint to Van Brunt's mother, Jenn Van Brunt, at 4 William Street, Riverside Connecticut.[1] Van Brunt had requested that J & A bill him at that address.

---

1. Jenn Van Brunt claims that Farrell asked her to accept the papers for her son, and when she refused, simply departed with the papers. I do not, however, credit Mrs. Van Brunt's version of these events. I do not believe that an experienced process server, such as Mr. Farrell, would have departed with the summons and complaint,

Van Brunt did not answer the summons and complaint. J & A, thereafter, on or about April 28, 1993, served Van Brunt with an order to show cause as to why a default judgment should not be entered. I entered the default judgment on May 18, 1993, after Van Brunt failed to appear at the order to show cause hearing scheduled for that date.

Van Brunt now seeks to vacate the default judgment, contending that J & A did not effect service at his "usual place of abode" as contemplated by Fed.R.Civ.P. 4(e), or his "actual place of business" within the meaning of New York Civil Practice Law and Rule § 308. It is undisputed that Van Brunt was not staying at the 4 William Street address when the summons and complaint were served. Van Brunt maintains that the 4 William Street address is his parents' residence, and that since 1990, he has resided in California. To support this claim, Van Brunt has provided the Court with copies of his California driver's license and his income tax returns.

Nevertheless, J & A argues that the 4 William Street address was Van Brunt's "usual place of abode," legally if not literally, because of the private phone line and fax machine he maintained there at or about the time the summons and complaint were served, the private bedroom he used there whenever in the New York metropolitan area, the mail, including brokerage statements, he received there, and the clothing he kept at that address at or about the time of service. J & A further notes that although Van Brunt was in California when service was effected, he had been staying at 4 William Street just prior to that time, from December 22, 1993 until January 5, 1994.

Although Van Brunt admits having stayed at the 4 William Street address at various times during 1993, he claims that on each occasion he was there solely to visit his par-

ents. Van Brunt dismisses the private phone line maintained at that address as a mere convenience to assist his friends in locating him, the mail received there as "junk mail," and the clothes kept there as little more a few pairs of underwear or socks. He acknowledges having installed a fax machine at 4 William Street for use during a 1992 visit to his parents, but claims that he does not regularly maintain a fax machine at that address.

In any event, Van Brunt, contends J & A, should be estopped from asserting that 4 William Street is not his residence since he represented to J & A and other entities that that address was his residence. J & A cites the billing statements sent to that address by Judson Art Warehouse from late fall to spring 1993, and the Merrill Lynch brokerage statements sent there which were forwarded to Van Brunt in California. J & A also points to a letter and "Stipulation of Settlement," which Van Brunt sent to the firm, that lists his private phone number at 4 William Street.

### DISCUSSION

■■■ Under Federal Rule of Civil Procedure 60(b)(4), void judgments, *i.e.,* judgments entered where the court lacked either subject matter or personal jurisdiction, or that were otherwise entered in violation of due process of law, must be set aside. *See Textile Banking Co. v. Rentschler,* 657 F.2d 844, 850 (7th Cir.1981) (Rule 60(b) mandates the setting aside of judgments if the court lacked personal jurisdiction over the defendant against whom it was entered); *Triad Energy Corp. v. McNell,* 110 F.R.D. 382, 385 (S.D.N.Y. 1986) (same). The sole issue presented in this motion is whether, due to ineffective service of process, the default judgment entered in this action is void for lack of personal jurisdiction.[2]

without ever notifying the plaintiffs or his employer that he had been unable to effect service.

**2.** At oral argument, Van Brunt made clear that he was not advancing any alternative grounds for setting aside the default judgment, and in his motion papers, has not proffered a meritorious defense to plaintiff's claims nor an excuse for failing to answer the complaint within the prescribed time period. *See Davis v. Musler,* 713

F.2d 907, 915 (2d Cir.1983) (in determining whether to vacate a default judgment under Fed. R.Civ.P. 60(b), which permits courts to grant relief from a judgment for "mistake, inadvertence, surprise, or excusable neglect," courts must examine whether the default was willful, whether defendant has a meritorious defense and the level of prejudice that may occur to nondefaulting party if relief was granted).

Federal Rule of Civil Procedure 4(e) permits service upon an individual (1) in accordance with the law of the state in which the district court is located, or (2) by leaving copies of the summons and complaint at the individual's dwelling house or usual place of abode with some person of suitable age or discretion residing therein. Fed.R.Civ.P. 4(e). In New York, N.Y.Civ.Prac.L. & R. § 308 controls service on natural persons, and provides that service may be made, *inter alia,* by delivering the summons to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by mailing the summons to the person's last known residence or his or her actual place of business. N.Y.Civ.Prac.L. & R. § 308.

It is undisputed that Jenn Van Brunt, with whom the papers were left, is a "person of suitable age and discretion" then residing at 4 William Street. Whether 4 William Street is Van Brunt's "usual place of abode" is a matter of much debate, and the issue on which this motion turns.

■ Our highly mobile and affluent society has relegated to history the days when an individual had but a single residence. Thus, as the Second Circuit acknowledged, " 'it is unrealistic to interpret [Rule 4(e) ] so that the person to be served has only one dwelling house or usual place of abode at which process may be left.' " *National Development Co. v. Triad Holding Corp.,* 930 F.2d 253, 257 (2d Cir.1991). A strictly literal interpretation of the rule may thwart the purpose of Fed.R.Civ.P. 4(e)—to insure that service is reasonably calculated to provide a defendant with actual notice of the action. *Cf. Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950) (due process requires that "notice be reasonably calculated, under all circumstances," to provide parties with notice of pending action); *Nat'l Development,* 930 F.2d at 257 (literal interpretation of "usual" to preclude service at one of defendant's several homes did not "commend[ ] itself to neither common sense nor sound policy"). Hence, for purposes of effecting service under Rule 4(e), an individual can have multiple " 'dwelling houses or usual places of abode,' provided each contains sufficient indicia of permanence." *Nat'l Development,* 930 F.2d at 257.

Although Van Brunt was not actually staying at 4 William Street when service of the summons and complaint was made, I find sufficient indicia of permanence at that location to make plaintiff's service there reasonably calculated to provide Van Brunt with actual notice of the action. Van Brunt stays at that address when he is in the New York area, and maintains a private bedroom, clothes and a phone line at that address. He also receives mail there, including brokerage statements, which his mother forwards to him in California.

■ Equally as important, Van Brunt represented to J & A and others that 4 William Street was his residence. Not only did Van Brunt request that J & A bill him at the 4 William Street address, he also sent the firm letters prepared on stationery listing that address or the number of the phone he maintains there. Indeed, in early January 1993, one month before service was effected at the 4 William Street address, Van Brunt sent J & A a letter and a Proposed Stipulation of Settlement listing his 4 William Street phone number. Consequently, even if 4 William Street were not one of Van Brunt's "usual places of abode," his numerous representations that that location was his address estop him from challenging service there. *See, e.g., McNeil v. Tomlin,* 82 A.D.2d 825, 439 N.Y.S.2d 430 (2d Dep't 1981) (defendant estopped from contesting service at parent's address where she listed that address on her driver's license and motor vehicle registration); *see also Cohen v. Levy,* 50 A.D.2d 1039, 1040, 377 N.Y.S.2d 754, 756 (3d Dep't 1975) (service at residence of defendant's parents was proper where defendant resided there much of the time and listed his parent's residence on a summons two months after he allegedly established a residence elsewhere).

Because I find that service of plaintiff's summons and complaint was proper, Van Brunt's motion to vacate the default judgment is denied.

## CONCLUSION

For the reasons stated above, defendant's motion to vacate the default judgment is **DENIED.** The Clerk of the Court is directed to enter judgment accordingly.

**SO ORDERED.**