**FEDERAL DEPOSIT INSURANCE CORPORATION** as Receiver of State Savings, F.S.B. Plaintiff,

v.

**WEISE APARTMENTS—44457 Corp., Pearl Ventures Ltd., and Martin Weise, Defendants.**

No. 98 Civ. 1565 RLC.

United States District Court, S.D. New York.

Jan. 11, 2000.

Nixon, Hargrave, Devans & Doyle, LLP. (Robert N.H. Christmas, of counsel), New York City, for Plaintiff.

Salon, Marrow & Dyckman, LLP. (John Paul Fulco Daniel I. Goldberg, of counsel), New York City, for Defendants.

## OPINION

CARTER, District Judge.

Defendants, Weise Apartments—44457 Corporation ("Weise Corp."), Pearl Ventures, Limited ("Pearl Corp."), and Martin Weise ("Weise") move pursuant to Rule 60(b)(4), F.R. Civ. P., to vacate the June 30, 1998 default judgment entered against Weise Corp. and Pearl Corp. ("default judgment") in favor of plaintiff, the Federal Deposit Insurance Corporation ("FDIC"), on the ground that the FDIC's filing of an amended complaint, pursuant to Rule 15(a), F.R. Civ. P., rendered the default judgment void. Defendant Weise also contends that the filing of the amended complaint mooted his pending application to be exempted from the default judgment ("Weise default application"). For the reasons stated below, Pearl Corp.'s and Weise Corp.'s motion to vacate the default

judgment is denied, and Weise's request for the court to hold the Weise default application moot is denied. Plaintiff is granted leave, pursuant to Rule 15(a), F.R. Civ. P., to withdraw its amended complaint, and reinstate the original complaint upon which default judgment was entered.

## I. BACKGROUND

On March 4, 1998, the FDIC filed a summons and complaint ("original complaint") to clear title to eleven condominium units located at 444 East 57th Street, New York, New York, and to raise tort claims against the defendants, Weise Corp., Pearl Corp., and Weise, for falsely claiming an interest in the condominium units.[1] The FDIC filed suit as receiver of State Savings Bank, F.S.B. ("State Savings"), basing its ownership claim to the units on an agreement for conveyance in lieu of foreclosure ("conveyance agreement") State Savings entered with Weise on March 16, 1990, in which Weise conveyed the units to State Savings in satisfaction for his default on mortgages on the units.[2] (Christmas Decl. Ex. 2. at 2.) The FDIC initiated an action to clear title to the units when it learned that on January 8, 1998, Weise recorded deeds ("false deeds") purporting to convey the units to Pearl Corp. (*Id.* at 3.)

The FDIC's original complaint was comprised of seven claims: claims one and two sought to clear title to ten of the units and were brought against Weise Corp. and Pearl Corp., respectively; claims three through seven asserted tort claims against the respective defendants for fraudulently claiming an interest in all eleven of the condominium units. The FDIC left one unit—Unit 6D—out of its claims seeking to clear title to the units because the FDIC had already filed a claim in state court that would clear title to that unit ("state court foreclosure action").[3]

---

1. "Christmas Decl." refers to the *Declaration In Opposition to Defendants' Motion to Deem Void and Vacate the Default Judgment in this Case and Deem Mooted the Application for Default Judgment Against Defendant Martin Weise,* filed by Robert N.H. Christmas, counsel for the plaintiff, on June 21, 1999.

2. Weise signed the conveyance agreement as CEO of Weise Corp., making the conveyance

agreement binding on Weise Corp as well as on Weise personally.

3. The action against defendants in New York state court to clear title to Unit 6D was captioned *Federal Deposit Insurance Corporation As Receiver of State Savings, FSB v. Weise Apartments 44457 Corporation, et al.* ( Index No., 123151-97). ("State Court Foreclosure Action").

The original complaint was duly served on two of the three defendants—Weise Corp. and Pearl Corp. — on March 6, 1998. Weise Corp. and Pearl Corp. failed to answer or respond, the FDIC moved for a default judgment against them, and on June 9, 1998, the court granted the FDIC's motion for default judgment. (Def. Jud. at 1.) On June 30, 1998, the court entered a final default judgment order, granting the FDIC partial default judgment against Pearl Corp. and Weise Corp.; the judgment was silent about whether default was entered against defendant Weise personally. (*Id.*)

Specifically, the default judgment granted the FDIC judgment on its first cause of action, providing that Weise Corp. and Pearl Corp. had no claim, estate or interest in the ten named condominium units. The default judgment also granted plaintiff relief on its second claim, providing that Weise Corp.'s and Pearl Corp.'s false deeds to the ten units were void and canceled. Additionally, the default judgment granted plaintiff relief on its fourth and sixth claims, which collectively, permanently enjoined Weise Corp. and Pearl Corp., and their parent companies, subsidiaries, and assigns from asserting any interest in the eleven condominium units, and prohibited the corporations from violating the conveyance agreement. (Def. Judg. at 2.) The court directed that the FDIC's money damage claims be sent to Magistrate Judge Kevin Nathaniel Fox for an inquest.

Defendants Weise and Weise Corp. filed an order to show cause, dated September 24, 1998, seeking to vacate the default judgment. (Def. Mem. at 5.)[4] Magistrate Judge Fox recommended that the motion be denied. This court issued an endorsement, dated January 20, 1999, which adopted Judge Fox's report and recommendation and provided that, since the default judgment did not indicate whether defendant Weise personally was in default, Magistrate Judge Fox should hold

a hearing on this issue (End. at 4);[5] parties submissions were due by May 10, 1999. (Pl. Mem. at 5.)[6]

One week before the court issued its endorsement, Weise and Weise Corp. were granted summary judgment on the FDIC's state court foreclosure claim for Unit 6D, because the FDIC had failed to initiate the action within the proper time frame, as provided by 12 U.S.C. § 1821(d)(14). (Pl. Mem. at 8.) The FDIC then filed a Rule 15(a), F.R. Civ. P., motion with the court to file an amended complaint adding Unit 6D to its claims seeking to clear title to the condominium units. (Def. Mem. at 9.) The FDIC's counsel and Weise and Weise Corp.'s counsel negotiated the terms of a joint stipulation to amend the complaint which provided that: 1) defendants would consent to plaintiff's filing of an amended complaint adding Unit 6D to its claims to clear title to the units; 2) that the amended complaint was to be deemed filed and served and; 3) that defendant's time to answer or respond was extended to May 17, 1999 (Def. Mem. at 9–10.) (describing negotiations) (Christmas Decl. Ex. 5.) (containing the joint stipulation & order). In an order dated, April 27, 1999, the court adopted the joint stipulation and accepted the amended complaint. (Christmas Decl. Ex. 5.)

Meanwhile, on April 26, 1999, Weiss's counsel filed and served submissions on the Weise default application, and obtained leave to file a memorandum in support of his application. (Pl. Mem. at 10.) On May 10, 1999, the FDIC submitted a reply memorandum on the Weise default application. (*Id.*) After receiving the FDIC's reply submission, Weise and Weise Corp. raised their instant claim, that plaintiff's filing of an amended complaint naming all three defendants vacated the prior default judgment entered against Weise Corp. and Pearl Corp., and mooted the pending Weise default applica-

---

4. "Def. Mem." refers to *Memorandum of Law in Support of Defendants' Motion to Deem Plaintiff's Default Judgment Vacated and to Deem Plaintiff's Default Application Mooted.*

5. "End." refers to the January 20, 1999, Endorsement entered by this court, titled *Federal Deposit Insurance Corporation as Receiver of State Savings, FSB v. Weise Apartments—44457 Corp., Pearl Ventures Ltd., and Martin Weise.*

6. "Pl. Mem." refers to the *Memorandum of the FDIC as Receiver of State Savings, FSB in Opposition to the Motion (1) To Deem Void and Vacated The Default Judgment in this Action and (2) To Deem Mooted the Pending Application for Default Judgment Against Defendant Martin Weise.*

tion. (Pl. Mem. at 10.) On May 12, 1999, defendants' counsel served plaintiff with Weise's, Weise Corp.'s, and Pearl Corp.'s answer and affirmative defenses to the amended complaint. (Def. Mem. at 10.)

## II. ANALYSIS

▮ Defendants contend that the FDIC's filing of its amended complaint, pursuant to Rule 15(a), F.R. Civ. P. after the default judgment was entered on its original complaint, rendered the default judgment void, and therefore, the default judgment must be vacated under Rule 60(b)(4), F.R. Civ. P.[7] Defendants' claim is based on the long accepted proposition that a complaint generally may not be amended under Rule 15(a), F.R. Civ. P., after final judgment, unless the judgment is reopened and vacated under Rule 60(b) or Rule 59(e), F.R. Civ. P. *See National Petrochemical Co. of Iran v. M/T Stolt Sheaf,* 930 F.2d 240, 244 (2d. Cir. 1991); *Markert v. Swift & Co., Inc.* 173 F.2d 517, 519 (2d Cir.1949). The court will not allow a plaintiff to amend his complaint after final judgment in the absence of a Rule 59(e) or Rule 60(b), F.R. Civ. P., motion because, once final judgment has been entered, the complaint is merged into the judgment and, therefore, the court no longer has subject matter jurisdiction to review the complaint. *See Paganis v. Blonstein,* 3 F.3d 1067, 1072 (7th Cir.1993). Therefore, in cases like the one at bar, where a party files an amended complaint after final judgment has been entered on its original complaint, without bringing a motion under Rule 60(b) or 59(e), F.R. Civ. P., the Second Circuit treats the Rule 15(a), F.R. Civ. P. motion as a simultaneous motion to vacate the judgment on the original complaint. *See National Petrochemical,* 930 F.2d at 244. Therefore, the court must conclude that the joint stipulation and order to amend plaintiff's complaint adopted by this court on April 27, 1999, was a simultaneous motion under Rule 60(b), F.R. Civ. P., to vacate the default judgment.

The FDIC contends that the court is not required in every instance when an amended complaint is filed after the entry of final judgment to vacate the judgment under Rules 60(b) or 59(e), F.R. Civ. P. Furthermore, the FDIC contends that since its original complaint contained sufficient information regarding the single factual change in the amended complaint—the adding of Unit 6D to its claims to clear title to the units— the default judgment should not be vacated. (Pl. Mem. at 15) discussing *National Petrochemical,* 930 F.2d at 244 (recognizing in dicta that "it might be appropriate in a proper case to take into account the nature of the proposed amendment in deciding whether to vacate the previously entered judgment"). *See also, Camp v. Gregory,* 67 F.3d 1286, 1289 (7th Cir.1995) (explaining in dicta that courts are not obligated to construe a Rule 15(a) motion after final judgment as a motion under Rule 59 or Rule 60).

▮ However, neither *National Petrochemical* or *Camp* explains how the court may exercise jurisdiction over a complaint that has been merged into a final judgment in the absence of a motion under Rule 59(e) or Rule 60(b). Indeed, case law from the Seventh Circuit indicates that the court's joint stipulation and order allowing plaintiff to file the amended complaint would have been a nullity if it had been issued without first vacating judgment on the original complaint. *See Paganis,* 3 F.3d at 1072. Therefore, the court must reject plaintiff's assertion that it had authority to allow the amended complaint to be entered without first vacating the default judgment.

The FDIC, in the alternative, seeks leave under Rule 15(a), F.R. Civ. P., to withdraw its amended complaint, and reinstate its original complaint and the default judgment. If granted this relief, the FDIC will file a separate action to clear title to Unit 6D. (Pl. Mem. at 3 n. 1.)

---

**7.** Rule 60(b)(4), F.R. Civ. P., provides that "[o]n motion and upon such terms that are just, the court may relieve a party ... from a final judgement, order, or proceeding ... [when] the judgment is void." A judgment is void under Rule 60(b)(4), F.R. Civ. P., when the court issuing the judgment lacked subject matter jurisdiction over the dispute, personal jurisdiction over the defen- dant, or rendered the judgment in a manner that is inconsistent with due process of law. *See Jaffe and Asher v. Van Brunt,* 158 F.R.D. 278, 279 (S.D.N.Y.1994) (Sotomayor, J.). When the court determines that a judgment is void it must vacate the judgment; it is not a matter of court discretion. *See id.*

Rule 15(a), F.R. Civ. P., provides that after a responsive pleading has been filed, a party may amend its pleading only by leave of the court or by written consent of the adverse party, and that leave is freely given "in the absence of any apparent or declared reason—such as undue delay, bad faith, or dilatory motive on the part of the movant" *State Trading Corp. of India Ltd. v. Assuranceforeningen Skuld,* 921 F.2d 409, 418 (2d Cir.1990), and when the amendment does not cause prejudice to the opposing party. *See Swift v. Toia,* 450 F.Supp. 983, 986 (S.D.N.Y. 1978) (Werker, J.).

There is no evidence of undue delay here. The FDIC filed its Rule 15(a) motion in June, 1999, one month after it determined that defendants had stipulated to the filing of an amended complaint in order to avoid liability under the original default judgment. Therefore, plaintiff's motion was timely. *Cf. State Trading Corp.,* 921 F.2d at 417–418 (denying plaintiff's request to amend its complaint because plaintiff allowed nineteen months to pass after the final judgment dismissing its claim before filing a Rule 15(a) motion). The FDIC also has not acted based on bad faith or dilatory motive in seeking to withdraw its amended complaint. The FDIC initially left Unit 6D out of its claims to clear title to the units in order to avoid duplicative litigation, and to allow its already pending state court foreclosure action to clear title to Unit 6D. The FDIC added Unit 6D to its claims in this court, because the state court foreclosure action had been dismissed, and the FDIC wanted to consolidate court proceedings regarding the units. As there is no evidence to suggest that the FDIC's current or past requests to amend its complaint were motivated by a strategic plan to undercut defendants claims, the FDIC's motion to withdraw its amended complaint satisfies the first part of the Rule 15(a) yardstick. *Cf. State Trading Corp.,* 921 F.2d at 417–418 (denying plaintiff leave to amend its complaint because plaintiff delayed raising certain claims to win a strategic advantage over the defendant).

Defendants argue that they will suffer prejudice if the FDIC is allowed to withdraw the amended complaint because they will lose their right to answer plaintiff's claims. (Def. Mem. at 21). Under normal circumstances, the loss of the right to answer an amended complaint would constitute prejudice. Here, however, defendants won the right to file an answer by misleading plaintiff, and Rule 15(a) equitable considerations counsel that plaintiff should be allowed to amend its complaint to prevent defendant from taking advantage of these misrepresentations. *See Wilburn v. Pepsi–Cola Bottling Co. of St. Louis,* 492 F.2d 1288, 1289–90 (8th Cir.1974) (interpreting Rule 15(a), F.R. Civ. P. provision authorizing amendment of a complaint when justice requires). Indeed, in *Wilburn* the Eighth Circuit reversed a district court order denying plaintiff leave to amend his complaint after his claim was dismissed on statute of limitations grounds because plaintiff's amended complaint showed that defendant had purposefully misled plaintiff in order to allow the statute on plaintiff's claim to run, and therefore justice required the court to accept the amended complaint. *Id.*

In this case, defendants led the FDIC to believe that they would be bound by the default judgment after the FDIC filed the amended complaint, knowing that once the amended complaint was in place, they would seek to vacate the default judgement and revive their right to answer the FDIC's claims. (Pl. Mem. at 9–10) (discussing Christmas Decl. Ex. 7–9). Furthermore, Weise Corp. and Pearl Corp. properly lost their right to answer plaintiff's claims when they initially allowed the default judgment to be entered against them. Additionally, defendant Weise cannot establish that he will suffer prejudice when the amended complaint is withdrawn, as he never stopped proceeding on the Weise default application, and therefore he preserved his right to challenge whether the default judgment would be binding on him.

Under these circumstances, the court will allow the FDIC to withdraw the amended complaint and reinstate the original complaint. With the latter's reinstatement, the June 30, 1998, default judgment is reinstated as well.

## III. CONCLUSION

Defendants Weise Corp.'s and Pearl Corp.'s motion to vacate the June 30, 1998

default judgment is denied and, since the default judgment is reinstated, Weise's request to hold the pending Weise default application moot is also denied.

As provided in the default judgment, the court awaits Magistrate Judge Fox's recommendation on the amount of damages the respective defendants should be assessed on plaintiff's breach of contract and tort claims. Additionally, as provided in the court's January 20, 1999, endorsement, Magistrate Judge Fox will issue a recommendation on whether defendant Weise should be personally bound by the default judgment.

IT IS SO ORDERED.