Laurie Ann PITTS, as natural mother and guardian of George Lofton PITTS V, a minor child, Plaintiff,

v.

SENECA SPORTS, INC., Defendant.

No. 603–CV–131.

United States District Court,
S.D. Georgia,
Statesboro Division.

June 15, 2004.

Mark A. Bradley, James B. Wessinger, III, Savannah, GA, for Plaintiff.

James S. Strawinski, Nicole Wolfe Stout, Strawinski & Goldberg, LLP, Atlanta, GA, for Defendant.

### ORDER

EDENFIELD, District Judge.

Plaintiff Laurie Ann Pitts, on behalf of her minor son George Lofton Pitts V, brought this products liability action against defendant Seneca Sports, Inc. (Seneca). Doc. # 1. But Seneca failed to respond, so Pitts moved, under F.R.Civ.P. 55, for entry of default and default judgment. Doc. # 27.

■ Citing Pitts's failure "to *plead* (much less establish) a *prima facie* case [of liability] against Seneca" in her Complaint, the Court denied that motion because it failed to meet F.R.Civ.P. 55's minimum standards. Doc. # 33 at 3. In response, Pitts moves for either: (1) reconsideration; (2) leave to amend her Complaint; or (3) remand to state court. Doc. # 35.

Yet, she offers no new arguments or evidence to support her reconsideration motion. Nor does she allege a sufficient basis (*e.g.*, lack of jurisdiction) for remand here. Doc. # 35.

■ That leaves only her motion for leave to amend. Having already once

amended her Complaint, doc. #7, Pitts now seeks this Court's leave to do it again. F.R.Civ.P. 15(a) says that "leave shall be freely given when justice so requires," and the Court sees no reason to deny it. *See, e.g., F.D.I.C. v. Weise Apartments,* 192 F.R.D. 100, 104 (S.D.N.Y.2000) (leave to amend pleading is freely given in absence of any apparent or declared reason, such as undue delay, bad faith, or dilatory motive and when amendment does not cause prejudice to opposing party).

For that matter, it was the insufficiency (under Rule 55, not F.R.Civ.P. 8) of Pitt's Complaint that kept her from obtaining a default judgment against Seneca, which has never responded in any form. Allowing her to cure that insufficiency by amendment seems both logical and fair. *See* doc. #33 at 3–4.

But, as noted in the Court's last Order, due process considerations[1] may arise if she amends her Complaint (to satisfy Rules 8 *and* 55) and serves it under F.R.Civ.P. 5,[2] as opposed to complying with F.R.Civ.P. 4's more demanding (thus more due-process-compliant) requirements.

For starters, a number of documents mailed to Seneca have been returned. *See, e.g.,* doc. #27 exh. A ¶ 11; Court's 5/20/04 docket entry ("CT Corporation mailed amended complaint which was sent to Seneca Sports, Inc., to the Clerk's Office with letter stating, 'According to our records our statutory representation services were discontinued and all process sent to the last known address on our records were returned as undeliverable' ").

Too, Pitts (in her original Complaint) never even *pled* (under Rule 55) a "default-judgment-grantable" claim, though she did plead a claim for relief under Rule 8's more modest requirements (again, then, she was not entitled to a default judgment, doc. #33 at 3–4). So Seneca can argue that it could ignore her case outright (albeit at its risk that she might satisfy Rule 55 before the Court ruled on her default-judgment motion) and otherwise (in the meantime) rest on her failure to satisfy Rule 55.

But what if the Court allows her to amend her Complaint (to fill in the Rule 55 gaps) and re-serve it under Rule 5, as opposed to Rule 4? And what if Pitts then simply mails a copy of her Amended Complaint via simple First Class mail[3] only to see it come back as "undeliverable"? It seems further likely that she will then move for, and expect, a Rule 55 default judgment—with Seneca effectively provided no notice it was coming (precisely why Rule 4, albeit more costly, is the safer way to go here).

---

**1.** Constitutional due process requires that notice of adverse judicial action be reasonably calculated to apprise the defendant of the action and afford an opportunity to defend. *Mullane v. Cen. Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950).

**2.** Under Rule 5(a),

every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants, every paper relating to discovery required to be served upon a party unless the court otherwise orders, every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, designation of record on appeal, and similar paper shall be served upon each of the parties. No service need be made on *parties in default* for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4. (Emphasis added).

**3.** *See* Rule 5(b)(2)(B) (stating that acceptable method of service is to mail copy to last known address of person served and that such service is complete upon mailing).

That would bring the Court to one reasonable possibility: Seneca, once hit with collection efforts under Pitts's newly granted default judgment on her amended Complaint, cries foul and moves this Court to set the judgment aside under Rule 55(c) ("For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with [F.R.Civ.P.] 60(b)"), claiming that:

(a) it was entitled to ignore the original, Rule 55–deficient Complaint outright;

(b) it never received notice of (under Rule 5 service) the amended Complaint (and thus any follow-up, renewed default-judgment motion);

(c) this Court's grant of leave to amend the original Complaint was the functional equivalent to sanctioning an entire new lawsuit, if not the "new or additional claims for relief" language contained in Rule 5(a), *see supra* note 2, which itself (to uphold due-process minimums) requires full Rule 4 service.

But of course, this is all hypothetical because Seneca has not even appeared in this case, much less raised such an argument (hence, the issue is not ripe), and may be avoided if plaintiff precautiously utilizes Rule 4 service on her Amended Complaint. She thus makes her (Rule 4 versus Rule 5) service decision in this light.

Accordingly, the Court *GRANTS* plaintiff Laurie Ann Pitts's motion for leave to amend her Complaint. (doc. # 35). To keep this case from clogging the Court's docket, plaintiff has 120 days (*see* Rule 4(m)) to amend and effectuate whichever service she elects, after which the Court shall Rule 4(m)-dismiss her case without prejudice.