**DUANE READE, INC., Plaintiff,**

v.

**ST. PAUL FIRE AND MARINE INSURANCE CO.,**
**Defendant.**

No. 02 CIV. 7676(JSR).

United States District Court,
S.D. New York.

Dec. 26, 2006.

James W.B. Benkard, Davis Polk & Wardwell, New York City, for Plaintiff.

Edward J. Grass, Erik Matthew Figlio, John P. Malloy, Shaw Pittman LLP, McLean, VA, Lon A. Berk, Michael S. Levine, Stephanie Pestorich Manson, Hunton & Williams, LLP, Richmond, VA, for Defendant.

## MEMORANDUM ORDER

RAKOFF, District Judge.

This lawsuit having long since concluded—or so it seemed—plaintiff now moves pursuant to Rules 15(a) and 60(b)(6), Fed. R.Civ.P., to amend its complaint to add two additional causes of action. The motion must be denied.

By way of background, this suit involves an insurance dispute that arose out of the events of September 11, 2001. Plaintiff Duane Reade, Inc. operated a drugstore in the retail concourse of the World Trade Center from January 1979 until September 11, 2001, when the World Trade Center was destroyed. Plaintiff had an insurance contract with defendant, and disputes arose concerning the extent of coverage under the contract, leading to

this action. After resolving these disputes, the Court entered final judgment on October 3, 2003, following which defendant appealed certain of the Court's rulings. In an opinion dated June 22, 2005, the Second Circuit affirmed the Court's rulings, with one modification. *Duane Reade, Inc. v. St. Paul Fire and Marine Ins. Co.*, 411 F.3d 384, 398 (2d Cir.2005). However, neither in its opinion nor in the subsequent Mandate, entered on August 29, 2005, did the Second Circuit remand the case or otherwise provide for further proceedings in this Court. This was because the modification was self-executing and required no remand.

■■ With respect to plaintiff's suggestion that it should be given leave to amend under Fed.R.Civ.P. 15(a), it is axiomatic that "once final judgment has been entered, the complaint is merged into the judgment and, therefore, the court no longer has subject matter jurisdiction to review the complaint." *F.D.I.C. v. Weise Apartments*, 192 F.R.D. 100, 103 (S.D.N.Y. 2000). There are, to be sure, some limited exceptions to this rule. For example, following dismissal or entry of final judgment, district courts may still consider such "collateral issues," as sanctions under Fed.R.Civ.P. 11, motions for attorneys' fees, and criminal contempt. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990); *Valley Disposal, Inc. v. Cent. Vt. Solid Waste Mgmt. Dist.*, 71 F.3d 1053 (2d Cir. 1995); *Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220 (2d Cir.2004). In limited circumstances, a Court may also retain qualified jurisdiction to implement its judgment, as where a Court expressly retains jurisdiction to enforce a settlement that resulted in the dismissal of the lawsuit. *See Covanta Onondaga Ltd. v. Onondaga County Res. Recovery Agency*, 318 F.3d 392, 396 (2d Cir.2003) (citing

*Yonkers Racing Corp. v. City of Yonkers*, 858 F.2d 855, 863–65 (2d Cir.1988); *United States v. International Brotherhood of Teamsters*, 266 F.3d 45, 49–50 (2d Cir. 2001); and *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 380–82, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)). Indeed, it was pursuant to these exceptions that, following entry of final judgment, the Court had jurisdiction, on January 23, 2004, to entertain plaintiff's motions to compel appraisal (which the Court granted in enforcement of its prior order compelling appraisal) and to hold defendant in contempt (which the Court denied). *See* transcript 1/23/04. But at no point did the Court retain continuing jurisdiction over the matter as a whole.

■■ Plaintiff seeks to cure this lack of jurisdiction, however, by moving under Fed.R.Civ.P. 60(b) to vacate judgment. *Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf*, 930 F.2d 240, 244 (2d Cir. 1991); *F.D.I.C. v. Weise Apartments*, 192 F.R.D. at 103. Generally, a motion under Rule 60(b) must be made prior to any appeal. However, when subsequent events arise that were not previously considered by the appellate court, the district court may consider a Rule 60(b) motion, even if the case has not been remanded back to the district court. *Standard Oil Co. of Cal. v. United States*, 429 U.S. 17, 97 S.Ct. 31, 50 L.Ed.2d 21 (1976). Thus, this Court must consider whether a change in circumstances justifies relief from judgment under Rule 60(b). *DeWeerth v. Baldinger*, 38 F.3d 1266, 1271 (2d Cir.1994).

■ Plaintiff suggests that the Second Circuit's interpretation of the insurance contract that resulted in a modification constitutes a "change in circumstances" justifying relief from judgment under Rule 60(b)(6). But this is belied by the decision, which did not remand the case to the district court to consider the effect of the

allegedly changed circumstances or any other aspect. Moreover, plaintiff filed the instant application 15 months after the Second Circuit issued its opinion. Although motions under Rule 60(b)(6) are not subject to the one-year time limit that applies to motions under Rule 60(b)(1), (2) and (3), motions under Rule 60(b)(6) must be made "within a reasonable time." This Court does not consider a 15–month delay following the alleged "change of circumstances" to be "reasonable." [1]

Accordingly, plaintiff's motion is hereby denied.

SO ORDERED.

1. The fact that plaintiff brought the instant application only a few months after the appraisal panel made its determination under the interpretation put forth by the Second Circuit does not render the delay reasonable, since plaintiff's application is premised on the argument that the "change in circumstances" justifying relief under Rule 60(b)(6) was the Second Circuit opinion itself, not the application of that opinion to the facts of plaintiff's case. Given the strong preference for timely applications under Rule 60(b), parties cannot take a wait-and-see approach to alleged changes in law, stalling any applications under Rule 60(b)(6) until such changes prove disfavorable to them.