**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 1 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

KAREN J. ROOSE,

       Plaintiff-Appellant,

v.

J. STEVEN PATRICK, individually;
DAVID BAUMGARTEN,
individually; GUNNISON COUNTY
DEPARTMENT OF HUMAN
SERVICES; COLORADO
ATTORNEY REGULATION
COUNSEL,

       Defendants-Appellees.

No. 03-1319
(D.C. No. 02-M-2298 (PAC))
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **BALDOCK** , and **LUCERO** , Circuit Judges.

---

*     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Karen J. Roose appeals the order entered by the district court on June 20, 2003, which struck both her postjudgment motion for leave to file a second amended complaint and her proposed second amended complaint. We conclude that the order entered on June 20, 2003 was an appealable final decision under 28 U.S.C. § 1291 and affirm.

**I**

On December 9, 2002, Roose, appearing pro se, filed a complaint against J. Steven Patrick, the Gunnison County Department of Human Services, and the Colorado Attorney Regulation Counsel under 42 U.S.C. § 1983 and state law. Roose sought relief with respect to certain state-court judgments that adjudicated the parental rights of Nicole Pengel (Roose's former client) and disbarred and/or suspended Roose from practicing law in Colorado. [1]

On March 31, 2003, the district court entered an order and a separate judgment dismissing Roose's federal claims for lack of subject matter jurisdiction. See R., Docs. 20, 21. The district court dismissed Roose's federal claims because: (1) the claims required the court "to review the rulings of the District Court in Hinsdale County, Colorado, and the disbarment of [Roose] by the Colorado Supreme Court"; and (2) the court had "no jurisdiction to undertake

---

[1] As set forth below, Roose filed a first amended complaint against defendants on March 31, 2003, and she named defendant-appellee David Baumgarten as a defendant in her first amended complaint.

-2-

a collateral review of the validity of those state court proceedings [because] [a]ny deprivation of constitutionally protected rights of Karen Roose and her client . . . must be addressed in the appellate procedures under Colorado law and, ultimately, by the United States Supreme Court upon a petition for certiorari." Id., Doc. 20 at 2-3 (citing D.C. Court of Appeals v. Feldman, 460 U.S. 462, 484-85 (1983)). Declining to exercise supplemental jurisdiction over Roose's state law claims, the district court dismissed the state claims without prejudice. Id. at 3.

The entry of the district court's order of dismissal and separate judgment on March 31, 2003 did not conclude the proceedings before the district court, however, as Roose filed a first amended complaint in the district court that same day. Id., Doc. 22. On April 11, 2003, the district court entered an order dismissing the first amended complaint "for failure to state a claim for relief within the court's jurisdiction," and concluding that the amended complaint "suffer[ed] from the same fatal flaw as the original complaint." [2] Id., Doc. 24 at 1. The district court did not enter a judgment on a separate document in connection with the April 11, 2003 order.

---

[2] As set forth in the district court's April 11, 2003 order, because no responsive pleading had been filed by defendants, the court determined that Roose was not required to file a motion for leave to file her first amended complaint. See R., Doc. 24 at 1. The court therefore proceeded to "review[] the allegations of the [first] amended complaint." Id.

On April 21, 2003, Roose filed a motion for an extension of time "to motion the court to alter or amend judgment, pursuant to [Fed. R. Civ. P. 59(e)]." Id., Doc. 25 at 1. The district court entered an order denying Roose's motion that very day. The district court denied the motion on the ground that there was a "clear lack of jurisdiction and . . . no basis for altering or amending that judgment." Id., Doc. 26 at 1.

Roose did not appeal the March 31, 2003 order and judgment, the April 11 2003 order, or the April 21, 2003 order. Instead, on May 23, 2003, she filed a motion in the district court for leave to file a second amended complaint and submitted a proposed second amended complaint. Id., Doc. 27. On June 20, 2003, the district court entered an order striking Roose's motion for leave and her proposed second amended complaint from the district court record; the court explained that "[t]his civil action was terminated by this court's [March 31 and April 11, 2003] orders and no further pleadings may be filed in it." Id., Doc. 30 at 1.

On July 15, 2003, Roose filed a notice of appeal, which stated that she was "appeal[ing] to the . . . 10th Circuit from an order striking a motion to amend the complaint and the tendered amended complaint entered in this action on the 20th day of June, 2003." Id., Doc. 31. In the docketing statement she submitted to this

court, Roose confirmed that she is appealing "[the June 20, 2003] order on both procedural and due process grounds." Docketing St. at 2.

## II

On appeal, Roose argues that her due process rights were violated because the district court failed to give her proper notice that it would not accept her second amended complaint. See Opening Br. at 11-13; Reply Br. (filed Oct. 24, 2003) at 10. Roose also claims that the district court erred in striking her second amended complaint because there was no "final order" or "appealable decision" in effect at the time the court entered its June 20, 2003 order, and that the court therefore incorrectly concluded that her case had been terminated by its prior orders. Id. She characterizes the district court's error in striking her second amended complaint as an abuse of discretion. See Reply Br. (filed Nov. 19, 2003) at 3.

The following three issues require resolution: (1) whether the district court's failure to enter a judgment on a separate document with respect to the April 11, 2003 order of dismissal has any relevance to this appeal; (2) whether the district court's June 20, 2003 order striking Roose's second amended complaint was an appealable final decision under 28 U.S.C. § 1291; and (3) assuming the June 20, 2003 order was an appealable final decision, whether the district court

erred in striking Roose's second amended complaint and the related motion for leave.

As to the first issue, Roose claims that the district court case had not been properly terminated at the time the court struck her second amended complaint. In support of her argument, Roose points out that while the district court's March 31, 2003 order of dismissal was supported by a judgment set forth on a separate document as required by Fed. R. Civ. P. 58(a)(1), the April 11, 2003 order dismissing Roose's first amended complaint was not accompanied by a judgment on a separate document. As a result, Roose claims that the case was "again before the court," Opening Br. at 13, and that the district court was therefore precluded from striking her second amended complaint.

We conclude that the district court's failure to enter a judgment on a separate document with respect to the April 11, 2003 order of dismissal is of no moment to this appeal. Even assuming arguendo that the district court violated the separate document rule, which we question,[3] the only effect of such a

---

[3] We have recognized that "[t]he separate document rule does not apply . . . where there is no question about the finality of the [district] court's decision." Trotter v. The Regents of the Univ. of N.M., 219 F.3d 1179, 1183 (10th Cir. 2000) (quotation omitted). "Thus, orders containing neither a discussion of the court's reasoning nor any dispositive legal analysis can act as final judgments if they are intended as the court's final directive and are properly entered on the docket." *Id.* (quotation omitted). Although the district court's April 11, 2003 order could arguably qualify as a final judgment under this exception to the

(continued...)

violation would have been to extend the time period for filing an appeal concerning the April 11, 2003 order. See Fed. R. Civ. P. 58(b)(2). Such an extension is immaterial at this point because Roose has not appealed the April 11, 2003 order; nor has she appealed the district court's April 21, 2003 order denying her motion for an extension of time to seek relief under Rule 59(e). The deadline for doing so has long since passed even if Roose were given the benefit of the additional time provided by Rule 58(b)(2).

Moreover, regardless of any issues pertaining to the separate document rule, the record demonstrates that Roose was fully aware that her case had been terminated by the March 31 and April 11 orders. As set forth above, on April 21, 2003, Roose filed a motion for an extension of time "to motion the court to alter or amend the judgment, pursuant to [Fed. R. Civ. P. 59(e)]." R., Doc. 25 at 1. In her motion, after acknowledging that she had received the district court's "Order of Dismissal and Judgment filed March 31," she acknowledged that she had received the court's April 11, 2003 order, and she specifically referred to the order as the "Order Dismissing the [First] Amended Complaint." Id. Without question, Roose's motion expressed a clear understanding of the district court's termination of her case through its March 31 and April 11 orders. In fact, if the

---

[3](...continued)
separate document rule, we do not need to decide that issue because Roose has not appealed the April 11, 2003 order.

situation had been otherwise, there would have been no reason for Roose to seek relief under Rule 59(e).

The record thus establishes Roose's full awareness of both the existence and the effect of the district court's dismissal orders. Roose chose not to appeal those orders; she appealed only the district court's June 20, 2003 order, which struck her second amended complaint. Consequently, this appeal must be limited to an examination of the propriety of the June 20, 2003 order. With respect to that order, we must first decide whether it was an appealable final decision under 28 U.S.C. § 1291.

We begin our analysis by noting that regardless of any issues pertaining to the district court's April 11, 2003 order of dismissal and the separate document rule, Roose's motion for leave to file her second amended complaint was a postjudgment motion. As a result, the district court's order striking the motion is subject to review by this court under § 1291 if it finally decided a separate matter in controversy. See Allen v. Minnstar, 8 F.3d 1470, 1474 (10th Cir. 1993) (addressing § 1291 in the context of a postjudgment ruling). In other words, we must "treat the postjudgment proceeding as if it were a free-standing lawsuit . . . identify the final decision in the postjudgment proceeding and confine any further appeal under section 1291 to that decision." JMS Dev. Co. v. Bulk Petroleum Corp., 337 F.3d 822, 825 (7th Cir. 2003) (quotation omitted). Thus, a

postjudgment order "will be treated as 'final' for purposes of section 1291 if it disposes of all issues raised in the postjudgment motion."    Id. (quotation omitted). Because the district court's June 20, 2003 order struck Roose's motion for leave and her proposed second amended complaint from the district court record, there is no question that the order fully disposed of all the issues raised in Roose's motion. We therefore conclude that the district court's June 20, 2003 order was an appealable final decision under § 1291.

Nonetheless, Roose's challenge to the order fails on the merits; it is well established that "[o]nce judgment is entered, the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b)."   Seymour v. Thornton  , 79 F.3d 980, 987 (10th Cir. 1996). Here the district court denied Roose's motion for an extension of time to seek relief under Rule 59(e), and Roose did not seek relief under Rule 60(b). Accordingly, the district court did not abuse its discretion when it struck Roose's motion for leave and her proposed second amended complaint.    [4] Id.

Finally, Roose argues that this court and/or the district court should impose sanctions on defendants due to their alleged misconduct in the district court

---

[4]    Because we have determined that the district court acted properly in striking Roose's second amended complaint, we need not address defendants' claim that defendant-appellee David Baumgarten is not a proper party to this appeal.

proceedings and in the proceedings before this court.  We reject the claim for sanctions; Roose has failed to properly preserve the issue of whether the district court erred by failing to impose sanctions, and we see no grounds for imposing sanctions against defendants for any conduct occurring in this appeal.

The order entered by the district court on June 20, 2003 is        **AFFIRMED** .

Entered for the Court


Carlos F. Lucero
Circuit Judge