NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0275n.06

No. 08-4012

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**May 04, 2010**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| AVERY CLEMMONS, | ) | |
| | ) | **ON APPEAL** FROM THE |
| Petitioner-Appellant, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE SOUTHERN |
| v. | ) | DISTRICT OF OHIO |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **O P I N I O N** |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |

**BEFORE:  BATCHELDER, Chief Judge, WHITE, Circuit Judge, and GREER[*], District Judge.**

**HELENE N. WHITE, Circuit Judge.**  Petitioner Avery Clemmons ("Clemmons") appeals

the district court's denial of his motion for permission to file a motion pursuant to Fed. R. Crim. P.

36 ("Rule 36").  The district court had previously prohibited further filings by Clemmons without

prior approval of the court.  We **AFFIRM**.

**I**.

At the time Clemmons was indicted in federal court on November 6, 1991 for conspiracy to

distribute cocaine and possession with intent to distribute cocaine, he was being held in a state

facility awaiting trial on state charges.  The federal government issued a *writ ad prosequendum* for

him to appear in the federal district court.  In 1992, United States District Judge Carl B. Rubin

---

[*]The Honorable J. Ronnie Greer, United States District Judge for the Eastern District of
Tennessee, sitting by designation.

entered judgment on a jury finding of guilty, and sentenced Clemmons to within-Guidelines sentences of three concurrent terms of 240 months' imprisonment. Judge Rubin made no mention whether the federal sentences should run concurrently with, or consecutively to, any state court sentence Clemmons might receive if convicted of the state charges for which he was previously held. Clemmons' direct appeal of his federal conviction was unsuccessful.

Clemmons was returned to the custody of the state authorities. He pled guilty to the state charges, and was sentenced on November 10, 1992 to "five (5 actual) to twenty-five (25) years and court costs; to run concurrent with federal sentence."

While serving his state sentence, Clemmons filed a motion in the district court, pursuant to 28 U.S.C. § 2255, seeking to amend his federal sentence to state that he would receive credit against his federal sentence for time served on his state sentence. Judge Rubin denied the motion on July 20, 1993, holding that Clemmons was not to receive credit towards his federal sentence for time served on his state sentence. Clemmons did not appeal that decision. Clemmons filed additional motions in 1998, to no avail.

Around March of 2000, Clemmons was released from state custody and transferred to federal custody to begin serving his federal sentence. The Bureau of Prisons, presumably unaware of Judge Rubin's ruling on Clemmons' § 2255 motion, requested that the district court rule whether the federal sentence was to be served concurrently with, or consecutively to, the state sentence. Because Judge Rubin was deceased, a different judge presided over the matter. A U.S. probation officer made a recommendation in a March 10, 2000 memorandum to the district court. Without referring

to Judge Rubin's § 2255 order, the probation officer stated that Judge Rubin had previously "failed to specify [his] intent" in sentencing, and recommended that the court order that the federal sentence run concurrently with the state sentence. The district court accepted the recommendation and ordered that Clemmons' federal sentence be reduced by the time he had served in state custody.

The Government moved for reconsideration, and, on May 18, 2000, the district court vacated its March 13, 2000 order and ordered that Clemmons' federal sentence run consecutively to his state sentence. The district court explained:

> On March 13, 2000 the United States Probation Office represented to the Court that the original sentence imposed by the late Judge Carl B. Rubin in this matter did not specify whether the Defendant's federal sentence was to be served concurrently or consecutively to his state sentence of imprisonment. That representation was true, but incomplete. In fact, that precise issue was raised by Defendant is [*sic*] his first motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed June 23, 1993. It was also definitively decided by Judge Rubin in his Order dated July 20, 1993 where he denied Defendant's motion and clarified that the original sentence was intended to be consecutive to Defendant's state sentence of imprisonment. It does not appear that Defendant appealed Judge Rubin's decision.
>
> Defendant has since pursued a barrage of post conviction filings with frequent reiterations of previously raised and resolved issues. Indeed[,] Defendant raised this precise issue again in his successive motion to vacate, set aside or correct sentence filed August 31, 1998. That motion was transferred to the Court of Appeals for a ruling on authorization for filing as required under §§ 2244(b)(3) and 2255 [footnote omitted]. Defendant timely appealed that order. The Court of Appeals denied Defendant's authorization to file the second motion.
>
> Defendant cites no apposite caselaw or statutory law in response to the government's motion. The Court, therefore, concludes that its Order of March 13, 2000 was improvidently issued and it is hereby VACATED. Judge Rubin's Order dated July 20, 1993 is res judicata in this matter. Defendant's federal sentence is to be served consecutively to his state sentence of imprisonment.

(internal citations omitted).

Clemmons filed a motion for reconsideration, which the court denied on July 7, 2000, holding that there was "no ambiguity in Judge Rubin's sentencing order nor any inconsistency between the transcript of the sentencing hearing and the written judgment order."

Subsequently, Clemmons filed a motion for resentencing, which was also denied. Clemmons then filed a motion for reconsideration of the district court's denial of his motion for resentencing pursuant to Fed. R. Civ. P. 59(e), which the court denied for lack of jurisdiction on April 29, 2003. The court held that although Clemmons purported to be bringing a motion pursuant to Fed. R. Civ. P. 59(e), he was in fact bringing a successive 28 U.S.C. § 2255 motion, and since he had not received the permission of the Sixth Circuit to do so, the district court did not have jurisdiction to consider the motion. The court also noted that it would not grant relief even if it had jurisdiction, because Clemmons "has made no new arguments for relief" and "[h]is previous arguments were and remain without merit." The court then transferred Clemmons' motion, interpreted as a successive 28 U.S.C. § 2255 motion, to the Sixth Circuit for consideration whether a successive motion should be permitted. This Court denied permission.

After denying the motion for reconsideration, the district court also imposed filing restrictions on Clemmons:

> Because Petitioner has abused the judicial process by his repeated meritless filings and refusal to comply with the clear directions of the Court and applicable statutes, as well as, the Rules of Civil Procedure, he should be prohibited from further filings under this case number in collateral attack upon his conviction and/or sentence without the prior approval of this Court. The Clerk of this Court should not accept any further pleadings from Petitioner in this matter.

Clemmons did not appeal the order restricting his ability to file documents with the district court.

On September 21, 2007, Clemmons filed a motion seeking permission to file a Rule 36 motion. The district court denied permission to file the motion on December 12, 2007, in a notation order. Clemmons filed a notice of appeal of this denial on December 21, 2007, and a motion to proceed *in forma pauperis*. The district court denied approval for the filing of both documents and they were returned to Clemmons unfiled. Clemmons then sought a writ of mandamus from the Sixth Circuit directing the district court to file his notice of appeal. On August 5, 2008, a panel of this Court ordered the district court to either file an answer to the petition for writ of mandamus or accept Clemmons' notice of appeal. On August 6, 2008, the district court ordered the clerk of court to accept Clemmons's notice of appeal as of the date of its submission, January 3, 2008. In that order, the court stated that "the Court finds that petitioner's Rule 36 motion is yet another attempt by petitioner to obtain Court review of a sentencing issue already decided by the Court" and therefore denied him permission to proceed *in forma pauperis* because an appeal would be frivolous and not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). The clerk filed the Notice of Appeal. This Court then dismissed the petition for mandamus as moot.

**II.**

We first observe that we reject the Government's argument that "[r]efusal to permit a particular motion to be filed, due to filing restrictions, is not itself a final, appealable order" under 28 U.S.C. § 1291, and conclude that this postjudgment order is appealable because it "disposes of all issues raised in the motion." *Thomas v. Blue Cross & Blue Shield Ass'n,* 594 F.3d 823, 829 (11th

Cir. 2010)*; see also Solis v. Current Dev. Corp.,* 557 F.3d 772, 776 (7th Cir. 2009) ("[A]n order that addresses all the issues raised in the motion that sparked the postjudgment proceedings is treated as final for purposes of section 1291."); *United States v. Gonzales*, 531 F.3d 1198, 1202 (10th Cir. 2008) (although finding of contempt not "final" pre-judgment, it is "final" post-judgment); *Roose v. Patrick*, 98 F. App'x 719, 723 (10th Cir. 2004) (where district court order struck documents from docket for not complying with filing restrictions, there was "no question that the order fully disposed of all the issues raised in [the] motion.").

We find no error in the district court's denial of permission to file a Rule 36 motion.[1] Rule 36 states: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." To qualify for correction under Rule 36, "[a] clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature. Rule 36 has been consistently interpreted as dealing only with clerical errors, not with mistakes or omissions by the court." *United States v. Penson,* 526 F.3d 331, 335 (6th Cir. 2008) (internal citations and quotation marks omitted); *United States v. Manns,* 277 F. App'x 551, 555 n.1, 556 (6th Cir. 2008) (affirming use of Rule 36 to correct written judgment from "276 months consisting of 300 months on each count" to "276 months

---

[1]The parties disagree whether our review is *de novo* or for abuse of discretion. Clemmons argues we should apply the *de novo* standard applicable to denials of Rule 36 motions. The Government argues we should apply the abuse of discretion standard applicable to the initial imposition of filing restrictions. This case does not require our resolution of this issue, because we find the appeal fails under either standard.

consisting of 276 months on each count" because the district court "never made a mistake regarding the total term of imprisonment"); *United States v. Saikaly,* 207 F.3d 363, 372 (6th Cir. 2000) (ordering district court to correct judgment, pursuant to Rule 36, that found defendant guilty of offense that was vacated). Clemmons attached to his motion for permission to file a Rule 36 motion the Rule 36 motion he wished to file. That motion, and his arguments on appeal, make clear that he seeks, once again, to challenge Judge Rubin's 1993 ruling that he not receive credit for time served on his state sentence. This is not a motion for the correction of a "clerical error," but instead is a collateral attack on the district court's prior order,[2] and therefore is not properly the subject of a Rule 36 motion.

Clemmons also argues that he was not required to obtain the district court's permission to file a Rule 36 motion because that motion did not fall within the boundaries of the court's restrictions. We disagree. The district court imposed filing restrictions because it found Clemmons had "abused the judicial process by his repeated meritless filings and refusal to comply with the clear directions of the Court and applicable statutes, as well as, the Rules of Civil Procedure." The filing restrictions the district court imposed required Clemmons to obtain prior approval of the court for "further filings under this case number in collateral attack upon his conviction and/or sentence." This description encompasses the Rule 36 motion Clemmons sought to file here.

---

[2]As such, it is properly interpreted as a successive § 2255 motion, for which Clemmons has not obtained the permission of this Court. *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). This same principle merits the dismissal of Clemmons' argument that Judge Rubin lacked jurisdiction to consider Clemmons' initial § 2255 motion.

No. 08-4012
*Clemmons v. United States*

Finding no error in the district court's denial of Clemmons' motion for permission to file a

Rule 36 motion, we **AFFIRM.**