# IN THE SUPREME COURT, STATE OF WYOMING

## 2016 WY 26

### OCTOBER TERM, A.D. 2015

*February 24, 2016*

| | |
|---|---|
| CSC GROUP HOLDINGS, LLC, a Delaware Limited Liability Company, | |
| Appellant (Defendant), | |
| v. | |
| AUTOMATION & ELECTRONICS, INC., | |
| Appellee (Plaintiff). | |
| CATE STREET CAPITAL, INC., a Delaware Corporation and RED DESERT RECLAMATION, LLC, a Wyoming Limited Liability Company, | S-15-0146, S-15-0173 |
| Appellants (Defendants), | |
| v. | |
| AUTOMATION & ELECTRONICS, INC. | |
| Appellee (Plaintiff). | |

*Appeal from the District Court of Sweetwater County*
*The Honorable Richard L. Lavery, Judge*

*Representing Appellants:*
Danielle M. Mathey and Sage Hilstad of Mathey Law Office, P.C., Green River, Wyoming. Argument by Ms. Mathey.

*Representing Appellee:*
Stephen Winship of Winship & Winship, P.C., Casper, Wyoming

***Before BURKE, C.J., and HILL, DAVIS, FOX, and KAUTZ, JJ.***

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**DAVIS**, Justice.

[¶1]    CSC Group Holdings, LLC (CSC), Cate Street Capital, Inc. (Cate Street), and Red Desert Reclamation, LLC (Red Desert) appeal from two default judgments in favor of Automation & Electronics, Inc. (A&E).  Those judgments made the three Appellants jointly and severally liable on a debt owed by Red Desert to A&E, and set aside as fraudulent a mortgage granted by Red Desert to CSC, thereby allowing A&E to execute on real property to recover on a judgment against Red Desert.  We affirm.

## ISSUE

[¶2]    The three Appellants raise a single issue, which we restate as follows:

> In a multiple-plaintiff, multiple-claim suit, did a judgment not certified under W.R.C.P. 54(b) in favor of only plaintiff A&E deprive the district court of subject matter jurisdiction to allow A&E to amend its complaint so as to add alter ego and fraudulent conveyance claims against Red Desert, CSC, and Cate Street?

## FACTS

[¶3]    Red Desert owned and operated a Sweetwater County facility for treatment and reclamation of water used for hydraulic fracturing in the petrochemical industry.  In 2012, it engaged A&E to perform electrical work at the facility through an oral contract, and it also entered into a written credit agreement for materials with Consolidated Electric Distributors, Inc. (CE).  All materials were delivered and all work was completed between mid-May and mid-September of 2012.  Three months later Red Desert still owed A&E more than fifty-nine thousand dollars, and CE more than twenty-five thousand dollars.  In early January of 2013, A&E and CE sued Red Desert in separate actions for the amounts due on their respective contracts, and also sought to establish contractor and materialman liens.[1]  The district court consolidated those actions on May 8, 2013.

[¶4]    In its answer to both complaints, and in summary judgment motions, Red Desert argued that A&E and CE did not properly perfect contractor or materialman liens because they both failed to provide timely written notice of their right to assert such a lien and of

---

[1] On October 10, 2012, while A&E and CE were still engaged in their pre-suit collection efforts, Red Desert secured a note for over thirteen million dollars by mortgaging their treatment facility and associated lands to CSC.  Red Desert was founded in early 2010, about the time construction began on the water treatment and reclamation plant.  It was funded and partially owned by CSC, and was managed by Cate Street.  A single suite in a single building in Portsmouth, New Hampshire, served as the business address of all three entities, and a single individual managed them all.

1

Red Desert's right to obtain a lien waiver relating to any payments it had made to them.[2] Nevertheless, in early March of 2014, Red Desert filed a confession of judgment in favor of CE and A&E in the respective amounts of $31,413.97 and $77,401.96, both of which included principal of the respective debt and accrued interest.

[¶5]   On June 3, 2014, pursuant to a stipulation between A&E and Red Desert, the district court entered judgment against Red Desert in favor of A&E.   The judgment declared the latter's contractor's lien statement void but awarded $85,470.29, which included prejudgment interest, attorney fees and costs, with post-judgment interest of 18% per annum.   At that point, CE still remained in the action, but the judgment for A&E was not certified as immediately appealable under Rule 54(b).

[¶6]   On June 16, 2014, A&E filed that judgment as a lien against the treatment plant and associated lands.[3]   Three days later it filed a motion for leave to amend its complaint to join CSC and Cate Street as defendants and to add additional allegations that related to Red Desert.   A&E alleged that CSC and Cates Street were two closely related entities that used a captive Red Desert as their alter ego to insulate themselves from creditors, and that the mortgage granted by Red Desert to CSC was a fraudulent conveyance designed to serve the same purpose.   It asked that CSC and Cate Street be deemed jointly and severally liable with Red Desert on the stipulated judgment recently entered in its favor, that the mortgage be set aside, and that it be permitted to sell Red Desert's real property to satisfy its judgment.   The district court granted the motion to amend, the amended complaint was served, and Red Desert's counsel entered an appearance for all three defendant entities.   In their answers, Appellants did not challenge the order authorizing the amendment on any procedural grounds.

[¶7]   On July 18, 2014, the district court granted a partial summary judgment against CE, finding that it failed to properly perfect its materialman's lien against Red Desert. On August 15, 2014, CE moved to dismiss the remainder of its claims without prejudice, and the court granted that motion a month later.   The motion recited that Red Desert had made itself judgment proof, and that it was not cost-effective for CE to incur the expense necessary to reduce the remaining claims to an unenforceable judgment.   By the time CE's claims were dismissed, all defendants to the claims made by A&E had answered.

[¶8]   To say that discovery did not go well would be a gross understatement.   CSC and Cate Street resisted providing meaningful answers to A&E's interrogatories and requests for production of documents aimed at uncovering the extent to which their ownership and

[2] Wyo. Stat. Ann. § 29-2-112(a) (LexisNexis 2015) provides that contractors must give such notice before they receive any payment, and that subcontractors and materialmen must give such notice within thirty days after first providing services or materials to a construction project.   Failure to abide by those time limits bars the right to assert a construction lien.
[3] This was evidently preparatory to executing on Red Desert's real property. As discussed below, execution could not properly have issued on the judgment.

financial affairs were comingled with each other and Red Desert. On November 5, 2014, A&E filed a motion to compel CSC to fully and properly respond to its discovery requests. On December 9, the district court found A&E's discovery reasonably calculated to lead to the discovery of admissible evidence, gave CSC until January 2, 2015, to respond properly, and determined that A&E was entitled to attorney fees related to the motion to compel.

[¶9]    When CSC failed to respond as ordered, A&E filed a motion for an order which would require it to show cause as to why it had not done so. The motion indicated that CSC's counsel told A&E's attorney that their client did not intend to comply with the order. A&E sought a default judgment and an award of attorney fees as a sanction for CSC's disobedience of the order compelling discovery. The motion was set for a hearing on February 18, 2015.

[¶10] On January 23, 2015, CSC, Cate Street, and Red Desert filed a joint motion seeking a 45-day extension of the time to respond to discovery, noting that all three had discharged the attorneys who had prepared the motion. That same day counsel confirmed that discharge in a motion for leave to withdraw, to which was attached the affidavit of the manager of all three entities, who attested that he had in fact discharged their current counsel.

[¶11] On February 13, five days before the scheduled hearing on A&E's motion to show cause, replacement counsel entered their appearance on behalf of the three defendants. Replacement counsel contemporaneously filed a motion to reschedule the show cause hearing set for February 18. The district court denied that motion in no uncertain terms on February 17, noting that CSC had ample time to comply with its order to compel discovery while represented by previous counsel, and had simply not done so.

[¶12] At the scheduled hearing, the court ordered CSC to comply with its discovery order by March 3, 2015 or face a default judgment. It also set a hearing on that date for the sole purpose of evaluating CSC's compliance.

[¶13] On February 18, the date of the hearing just described, the defendants filed a motion asking the court to reconsider its December 9, 2014 order compelling discovery. They also filed a motion to dismiss in which they advanced, for the first time, the argument the district court lost subject matter jurisdiction to allow the complaint to be amended after issuing the June 3, 2014 judgment against Red Desert. They contended that case law from other jurisdictions interpreting rules similar to Rule 15 of the Wyoming Rules of Civil Procedure did not permit amendment after a judgment has been entered. This was the first time CSC challenged the amendment process, several months after answering the complaint.

3

[¶14]  On February 20, 2015, the district court established a briefing schedule relating to those two motions, and four days later issued its second order compelling discovery, which largely memorialized what took place at the February 18 hearing.  The court commented on the gravity of CSC's conduct to that point:

> The judicial process depends on transparency.  It's extremely important for all parties to comply with discovery orders.  It's an essential element of justice for interrogatories to be answered when ordered.  CSC Group has not disputed that it has persisted in refusing to comply with this Court's discovery order.  The Plaintiff argued that nothing less than the prospect of a default judgment would suffice to compel CSC Group to comply.  CSC Group has not disputed that assertion in a written response to the motion or at the hearing.  Because a less drastic sanction would not be effective to address CSC Group's failure to comply with the Court's order compelling discovery, failure to comply with this order will result in the Court granting a default judgment . . . .

[¶15]  On February 26, 2015, Appellants filed a motion asking the court to reconsider the second order compelling discovery.  Between that date and March 3, the parties' filings related only to the first motion to reconsider and the motion to dismiss.[4]  At the March 3 hearing, CSC quickly conceded that its only response to the court's discovery orders was its objection on jurisdictional grounds.  The court ruled from the bench that it would sanction CSC by entering a default judgment holding it jointly and severally liable with Red Desert on the debt to A&E, and by setting aside the mortgage as fraudulent.  On March 6, the district court issued its default judgment, which it certified as final under Rule 54(b).  It also noted that because A&E could immediately execute on the judgment against CSC and Red Desert, it might not be necessary to proceed against Cate Street.

[¶16]  That same day, the court also issued an order denying the defendants' motions to reconsider and to dismiss.  The court concluded that it retained jurisdiction after the stipulated judgment against Red Desert because CE's claims were still pending until and after A&E amended its complaint, and because the Red Desert judgment had not been certified and thus rendered final and appealable under Rule 54(b).  Consequently, the court could revise that judgment until it became final and retained jurisdiction over it until it was appealed or the time for appeal had passed.  The district court also observed that if it had declined to allow the amendment of the complaint for the reason now

---

[4] In their reply brief supporting their motion to dismiss, CSC, Cate Street, and Red Desert conceded that no jurisdictional problem would have arisen if A&E, instead of filing an amended complaint, had simply filed a new complaint raising its alter ego and fraudulent conveyance claims, and naming them all as codefendants.  They do not suggest, however, that such a new action could not have been immediately consolidated with the existing one.

4

asserted by the defendants, nothing would have prevented A&E from filing a new complaint identical to the amended complaint in a new case and then having it consolidated with the existing suit.

[¶17] On March 9, 2015, A&E filed a motion to compel discovery from Red Desert and Cate Street. Discovery was served on December 23, 2014, and neither party had responded in any way when the motion was filed. Both defendants opposed A&E's motion, but on March 26, the day after hearing argument on it, the district court issued its third order compelling discovery by April 8, 2015. Red Desert and Cate Street remained as recalcitrant as CSC and did not comply, and the court entered its second default judgment on May 8, thereby making Cate Street jointly and severally liable for the judgment against Red Desert. By that time, due to interest and various cost and fee awards, the amount of the judgment had reached $ 97,811.85, plus post-judgment interest of 18% per annum until paid in full.

[¶18] CSC, Cate Street, and Red Desert timely perfected their appeals.

## DISCUSSION

[¶19] In their consolidated appeals, Appellants raise only one narrow claim. They assert that the district court lost subject matter jurisdiction over A&E's motion to amend its complaint after signing off on the stipulated judgment in its favor. Thus, they contend, the court's order bringing CSC and Cate Street into the existing suit, and every subsequent order relating to those two entities, including the judgments entered as sanctions, should be deemed void. This Court reviews attacks on the existence of subject matter jurisdiction de novo, because they raise questions of law. *Ultra Resources, Inc. v. Hartman*, 2015 WY 40, ¶ 8, 346 P.3d 880, 886 (Wyo. 2015). The absence of subject matter jurisdiction can be raised at any time, even on appeal, and so Appellants' failure to raise it until several months after they answered the amended complaint does not prevent us from reviewing that issue. *Harmon v. Star Valley Medical Center,* 2014 WY 90, ¶ 49, 331 P.3d 1174, 1188 (Wyo. 2014).

[¶20] Subject matter jurisdiction is the power provided to a court by constitution or statute to hear and determine the general class of cases to which a particular proceeding belongs. It cannot be created or destroyed by procedural irregularities, such as, for example, a defect in the process by which intervention effectively adds a new party to a case. *Woods v. Wells Fargo Bank Wyoming*, 2004 WY 61, ¶¶ 50-51, 90 P.3d 724, 738-39 (Wyo. 2004). The rules of civil procedure cannot extend or limit subject matter jurisdiction, even though such rules may establish the proper method of invoking the jurisdiction of the court in particular cases. *State ex rel. Frederick v. District Court*, 399 P.2d 583, 584-85 (Wyo. 1965).

5

[¶21]  A court's subject matter jurisdiction lies dormant until it is called upon to exercise it by some sort of initiating procedural mechanism, such as a pleading, complaint, or information.  At that point, the court "acquires jurisdiction" in the limited sense of procedurally having the authority to proceed and exercise its subject matter jurisdiction in a particular case.  *State v. Kusel*, 29 Wyo. 287, 295-96, 213 P. 367, 368-69 (1923).[5] Consequently, a failure to adhere to the requirements governing the proper nature and filing of such case-initiating documents, even to the extent they may be characterized as substantive requirements, will not necessarily deprive a court of subject matter jurisdiction.  *Harmon*, ¶¶ 30-31, 331 P.3d at 1182-83.

[¶22]  Appellants rely upon federal case law relating to rules similar to W.R.C.P. 15, which governs the amendment of pleadings.  Wyoming's Rule 15 provides as follows:

> (a) *Amendments*. -- A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served, or if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served.  Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.  A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

W.R.C.P. 15.[6]

---

[5] That "procedural authority to proceed" can exist in the absence of subject matter jurisdiction because it empowers a court to determine whether the initiating documents entail subjects over which it has been accorded such jurisdiction; i.e., a court has the power to determine whether it has subject matter jurisdiction or not.  *See generally Restatement (Second) of Judgments* § 11 cmt. c (1982 database updated Oct. 2015).

[6] The current version of F.R.C.P. 15 provides in part as follows:

> (a) Amendments Before Trial.
> (1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> (2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

[¶23] Appellants refer us to federal authority holding that "once judgment is entered, the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to [Rule] 59(e) and 60(b)," citing *Seymour v. Thornton*, 79 F.3d 980, 987 (10th Cir. 1996), and *Roose v. Patrick,* 98 Fed.App'x 719, 723 (10th Cir. 2004); *Cooper v. Shumway,* 780 F.2d 27, 29 (10th Cir. 1985); *Ondis v. Barrows,* 538 F.2d 904, 909 (1st Cir. 1976); *Wilburn v. Pepsi-Cola Bottling Co. of St. Louis,* 492 F.2d 1288, 1290 (8th Cir. 1974); *Knox v. First Security Bank of Utah,* 206 F.2d 823, 826 (10th Cir. 1953); and 6 C. Wright & A. Miller, Federal Practice and Procedure § 1489 (1971).

[¶24] This rule rests upon a concern with preserving the finality of judgments and is closely tied to the fact that, in most cases, perfection of an appeal divests the trial court of jurisdiction and vests it in the appellate court. 6 Charles A. Wright et al., *Federal Practice and Procedure, Civil* § 1489 (3d ed. database updated April 2015). We consider federal authority interpreting procedural rules highly persuasive when our rules are sufficiently similar or identical. *Baker v. Speaks*, 2013 WY 24, ¶ 33, 295 P.3d 847, 855 (Wyo. 2013); *Lake v. D & L Langley Trucking, Inc.*, 2010 WY 75, ¶ 18, 233 P.3d 589, 595 (Wyo. 2010); *Kimbley v. City of Green River*, 642 P.2d 443, 445 n.3 (Wyo. 1982).

[¶25] We have no quarrel with the federal cases Appellants cite, so far as they go. This case, on the other hand, requires us to examine Rule 54, concerning judgments, because it involves claims by more than one party:

> (a) *Definition; form*. -- A judgment is the final determination of the rights of the parties in action. "Judgment" as used in these rules includes a decree. A judgment need not contain a recital of pleadings, the report of a master, or the record of prior proceedings. A court's decision letter or opinion letter, made or entered in writing, is not a judgment.
>
> (b) *Judgment upon multiple claims or involving multiple parties*. -- When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other

form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

W.R.C.P. 54.

[¶26] In cases involving multiple claims or parties, this rule permits a court to issue a judgment that is final and appealable with respect to one or more but fewer than all claims or parties only if it expressly determines that there is no just reason for delay of an appeal, and it expressly directs the entry of judgment.

[¶27] Wyoming's Rule 54 is almost identical to the federal rule, which was developed and amended for the purpose of reducing potentially hazardous uncertainties as to when a litigant either must or need not file an appeal from a judgment upon only some of the claims in a multi-claim case. That is, the rule provides a litigant the opportunity to obtain a certification that allows immediate appeal in proper cases, and eliminates any uncertainty as to when such an appeal must be filed. 10 Wright and Miller, *supra,* § 2653. The rule applies to consolidated cases. *State ex rel. Pacific Intermountain Express, Inc. v. District Court*, 387 P.2d 550, 552 (Wyo. 1963).

[¶28] A&E was allowed to amend its complaint well before CE was voluntarily dismissed from the case. Thus, the stipulated judgment fell within the scope of Rule 54(b). No certification under that rule—or a request for such certification—appears in the record. It did not therefore become final or appealable until much later, when all claims against all parties were disposed of by the judgments entered as sanctions. Consequently, we conclude that the district court retained subject matter jurisdiction when it allowed A&E to amend its complaint because of the plain language of Rule 54.

[¶29] The federal cases cited by Appellants bear this out. Only one state case involves a version of that rule, and there the trial court issued a Rule 54(b) certification of a partial summary judgment. *See generally Thiele v. Security State Bank of New Salem*, 396 N.W.2d 295 (N.D. 1986) (partial judgment rendered final by notice of appeal filed one day prior to court's order allowing a curative amendment of complaint). *See also United States v. Evans*, 365 F.2d 95, 97-98 (10th Cir. 1966) (partial judgment filed and journalized by the clerk of court without a Rule 54(b) certification was not final and appealable until all claims relating to all parties were resolved absent the 54(b) certification).

[¶30] As the district court observed, if A&E had filed a separate action, it could have been consolidated with the pending case, with no practical difference.[7] The stipulated judgment could not support execution or be appealed when the amendment was allowed. The district court's decision to grant leave to amend could perhaps have been challenged on procedural grounds, but Red Desert did not do so before leave to amend was granted, and CSC and Cates Street did not challenge the decision for several months, and even now does not do so on procedural grounds.

[¶31] Nothing in this opinion is intended to encourage the procedure used in this case, however. If CE's claims had been dismissed earlier than they were, the stipulated judgment against Red Desert could have become final and the amendment might not have been proper. A filing fee could be a small price to pay to assure that the trial court has jurisdiction to determine the claims made.

## CONCLUSION

[¶32] The district court had subject matter jurisdiction over A&E's and CE's consolidated law suits at the time it granted A&E's motion to amend its complaint. Accordingly, we affirm the judgments against all Appellants.

---

[7] In argument, counsel for Appellants suggested that Appellee amended rather than filed a separate case to avoid removal to federal court. We have neither a record nor authority that supports this contention, and we will not therefore address it further.

9